CHARLES F. CHAMBERLIN *et al.*, Appellants, *v.* SAMUEL PELTZ, Assignee of WATSON & ALLEN, Respondent.

February 14, 1876.

Plaintiffs exchanged certain personal property for land, with the understanding that, for the difference in value between the personalty and the land, they were to receive notes, secured by chattel mortgage upon the personalty exchanged. The value of the land and of the personalty was agreed upon, notes were executed for the difference and secured upon the chattels, and a deed of the land, with warranty, executed and delivered to plaintiffs. It afterwards appeared that taxes to a considerable amount were a lien on the lands at the time of the transfer. *Held*, that plaintiffs, as against creditors of the persons giving the chattel mortgage, were not entitled to an equitable lien upon the goods for the difference between the amount of the notes and the sum for which it is alleged they should have been made had the fact of the unpaid taxes been known to plaintiffs when the transaction was consummated.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Hallum & O'Sullivan*, for appellant, cited: McKnight *v.* Bright, 2 Mo. 110; Crump *v.* Mosley, 8 Mo. 408; Bledsoe *v.* Gaines, 30 Mo. 448; Marsh *v.* Turner, 4 Mo. 253; Adams *v.* Buchanan, 49 Mo. 64; Haggerty *v.* Palmer, 6 Johns. 437; Knowles *v.* Lord, 4 Whart. (Penn.) 500; Wormly *v.* Lowry, 1 How. Tem. 468; Ingham *v.* Vaden, 3 How. Tem. 51; Harris *v.* Horner, 1 Dev. & B. (N. C.) Eq. 455; Donaldson *v.* Bank of Cape Fear, 1 Dev. (N. C.) Eq. 103; 4 Hen. & M. 113; Tomkins *v.* Mitchel, 2 Rand. (Va.) 428.

*Bereman & Smith*, for respondents, cited: White & Tudor Ld. Cas. (3d Am. ed.), top page 375; Lupin *v.* Marie, 6 Wend. 99; James *v.* Bird's Admr., 8 Leigh (Va.), 510; Beaw *v.* Blanton *et al.*, 3 Ired. (N. C.) Eq. 51.

BAKEWELL, J., delivered the opinion of the court.

Defendants demur to the petition of plaintiff herein, and for ground of demurrer allege that the petition does not set forth facts sufficient to constitute a cause of action. The court below gave final judgment for defendant on the

demurrer, and plaintiffs, after motion for new trial over-ruled, having duly saved exceptions, bring the cause here by appeal, and for error assign the action of the court below in sustaining the demurrer to their petition.

The petition sets forth that plaintiffs, in May, 1873, were in business as job printers and stationers in St. Louis, having on hand a stock valued at $30,877; that said stock was then sold to Watson & Allen for that sum, they to give in part payment certain real estate valued at $22,200, and to pay the balance of $8,677 by the notes of said Watson & Allen, secured by chattel mortgage upon the stock sold; that said Watson & Allen executed and delivered to plaintiffs deeds for the real estate, with warranty against taxes, and also stated to plaintiffs that they had actually paid all taxes then assessed against said land, and also delivered to plaintiffs their notes at sixty and ninety days for the balance of $8,677, secured by chattel mortgage on the property sold, according to agreement; that, shortly after the maturity of the last of said notes, Watson & Allen, being insolvent, made an assignment of their property, consisting principally of that thus bought of plaintiffs, to defendant, Peltz, for the benefit of their creditors; that, after said assignment was made, plaintiffs discovered that there were, at the time of their sale and delivery of the goods in question to Watson & Allen, about $1,025 taxes assessed against, and an unpaid lien against, the real estate which they had received as aforesaid from said Watson & Allen, in part payment of these goods, which taxes they, the plaintiffs, have since paid; that, owing to the false and fraudulent representations of Watson & Allen in regard to these taxes, the notes secured by chattel mortgage upon the property sold to Watson & Allen, and by them assigned to Peltz, were made for $1,025 less than the agreed amount; that Peltz, as assignee, has sold said goods and has the proceeds in his hands; that Watson & Allen, being insolvent, their warranty is worthless, and that, by virtue of the premises, their claim for

taxes, $1,025, is a preferred claim against the fund in the hands of the assignee, and that said fund should be charged with the same before the general debts of Allen & Watson are paid by the assignee; and they pray that the same be allowed as a preferred claim against said fund, and that the said assignee be ordered to pay the same to them, out of the fund in his hands, as assignee, not otherwise disposed of, and for general relief.

We think the demurrer was properly sustained. It not only does not appear from this petition that plaintiffs did not get notes secured by chattel mortgage upon this personalty for the difference between the value fixed upon the goods and that fixed upon the real estate to be taken in part payment, but it appears affirmatively that they did get such notes in compliance with the agreement and understanding between the parties. The value of the land was agreed upon when the value of the goods was agreed upon; notes were executed for the difference, and these were secured by chattel mortgage upon the goods sold by plaintiffs; and proper deeds with covenants of warranty were executed for the realty. The court is now asked to declare that there is an equitable lien upon these goods for the amount for which it is asserted that these notes would have been made if plaintiffs, at the time of the transaction, had exercised ordinary care and diligence, by ascertaining whether the taxes on these lands were paid at the time the transaction was closed. Perhaps, if the plaintiffs had discovered this fact about the taxes in time, the bargain would have been. modified. They chose, without examination, to take the statements of the parties and their covenants contained in their deeds. Courts of equity do not sit to relieve parties who refuse to exercise a reasonable diligence or discretion, and we do not see why plaintiffs should be preferred to the other creditors of these insolvents, nor why they should not now look to the general assets of

their estate for the damage caused to them by the breach of warranty in their deeds.

Whether, if by fraud or mistake these notes had been made for an amount less than a certain liquidated sum which by agreement was to be secured upon the chattels sold, the plaintiffs would have had an equitable lien upon the proceeds of the sale of these goods in the hands of an assignee for the benefit of creditors of the makers of the notes, it is not necessary for us now to say. It is sufficient that we do not think that any equity appears from the facts as alleged in the petition.

The judgment of the Circuit Court sustaining the demurrer to plaintiffs' petition is affirmed. The other judges concur.